# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. **X** Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*–_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒x **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐    X Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration. NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHELLE BRIDDELL

**DEFENDANTS**
Thomas Jefferson University Hospital, In.c

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, Esq., 215-833-8227
121 South Broad Street, Suite 121, Phila., PA 19107

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII and ADEA
Brief description of cause:
AGe and race discriminatory termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: September 19, 2025
SIGNATURE OF ATTORNEY OF RECORD *(signed)*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

|  |  |
|---|---|
|   : | CIVIL ACTION No. |
| MICHELLE BRIDDELL   : |  |
|     Plaintiff,   : |  |
| vs.   : |  |
|   : |  |
| THOMAS JEFFERSON UNIVERSITY HOSP., INC.   : |  |
|     Defendant   : |  |

**COMPLAINT AND JURY DEMAND**

**I.      INTRODUCTION**

1.      Plaintiff in the above captioned matter, claims a sum in excess of Three Hundred Thousand Dollars ($300,000.00) in damages and upon her causes of action, avers as follows:

2.      This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, Thomas Jefferson University Hospital, Inc., rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3.      This action arises under the Civil Rights Act, 42 U.S.C. 2000e-1, et seq., (Title VII), 42 U.S.C. §1981, Age Discrimination in Employment Act, (ADEA), and the PHRA, which prohibit discrimination on the bases of race and age by employers and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate discrimination by Defendant.

**II.     JURISDICTION, VENUE AND PARTIES**

4.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.  Plaintiff has exhausted her administrative remedies under Title VII and the PHRA before filing this lawsuit.  On August 25, 2025, the EEOC issued Plaintiff a Notice of

1

Right To Sue Defendant and closed the investigation of her charge of discrimination that was dual filed with the EEOC and PHRC. See copy attached hereto. This court also has supplemental jurisdiction over Plaintiff's state law claims.

5. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

6. Plaintiff, Michelle Briddell, is an adult individual, residing in Blackwood, New Jersey, and belongs to protected classes under the applicable statutes in this case. Plaintiff is black African American and was sixty-one years old at the time of the unlawful actions by Defendant in this case.

7. Defendant, Thomas Jefferson University Hospital, Inc., is a corporate entity, with its offices located at 1101 Market Street, Philadelphia, PA 19107.

### III.   BRIEF STATEMENT OF FACTS

8. Plaintiff was hired as a Jefferson Temp on August 27, 2021, to work in their call center addressing human resources issues.

9. In spring of 2022, Plaintiff transitioned to a Human Resources Business Partner role at Thomas Jefferson University Hospital reporting to Cassandra Wright (Associate VP) (b/f).

10. In or about November 2023, Plaintiff started reporting to Lori Pisarski (w/f) AVP Human Resources.

11. In or about July 2024, Plaintiff started reporting to Tiffany Tongue (w/f).

12. On December 4, 2024, Plaintiff's director, Tiffany Tongue, informed Plaintiff of a drug diversion case that happened on November 26, 2024.

13. A long-tenured nurse, Jean Morales (w/f) had administered a controlled substance to a patient in Outpatient floor, and returned the patient to the Psych floor, with the syringe and the

extra medication in it. A nurse from the Psych floor noticed the used syringe on the patient's bed and informed Ms. Morales. But Ms. Morales improperly disposed of a controlled substance (Fentanyl) into a tissue by emptying it out of the syringe and then threw the soaked tissue into a trash can next to the nurses' station. However, Ms. Morales should have disposed of the soaked tissue in a drug disposal room. Ms. Morales should have also disposed of the syringe in the drug disposal room as well.

14. After Plaintiff was informed of the incident on December 4, 2024, Plaintiff immediately initiated an investigation of the incident.

15. Plaintiff had the nurse manager get Ms. Morales drug tested and placed on administrative leave. Then, Plaintiff participated in Jefferson Hospital's Diversion Committee meeting which reviewed the case.

16. The committee declared the incident as "unintentional" and asked for **all nurses** to be retrained on the handling of a controlled substance.

17. Finally, Plaintiff met with Ms. Tongue to review the disposition of the case.

18. While Plaintiff recommended that the nurse, Ms. Morales should receive a Final Written Warning, Ms. Tongue recommended that Ms. Morales should just receive a Written Warning because the incident was determined as not intentional.

19. Plaintiff shared the results of the investigation with the nurse manager on Thursday, December 5th.

20. The nurse manager asked that since it was agreed this was not an intentional act and the nurse manager would be on vacation starting Friday, December 6, could Ms. Morales return to work. Plaintiff then gave the nurse manager permission for the nurse to return to work as

3

requested, using her discretional authority as the HR person who placed Ms. Morales on administrative leave.

21. On Wednesday, December 11, 2024, Ms. Pisarski, with a copy to Ms. Tongue, emailed Plaintiff and requested a meeting with her on Thursday, December 12, 2024.

22. Plaintiff thought this meeting involved another issue. Instead, Plaintiff was asked about the diversion case and why Ms. Morales returned to work before the drug results came back.

23. Plaintiff was placed on administrative leave by her supervisors and told to go home.

24. On Monday, December 16, 2024, Ms. Tongue told Plaintiff that Plaintiff would be terminated for letting Ms. Morales return to work before receiving the drug test result. Plaintiff was told she should not return to work but would be paid through January 3, 2025.

25. On or about January 15, 2025, after Plaintiff was terminated, Defendant replaced Plaintiff with a much younger white female, Rachel Ravenold, who is approximately 24 years old.

26. Plaintiff asserts that she was subjected to race and age discriminatory termination of her employment by Defendant on January 3, 2025, in violation of Title VII, ADEA, and the PHRA. Plaintiff was treated disparately by Defendant with regards to employment benefits, terms, privileges and conditions of employment, as compared to her white and younger comparators.

27. When Defendant terminated Plaintiff Defendant's committee had already concluded that Ms. Morales should not have been placed on administrative leave or made to receive a drug test because the diversion was not intentional.

28. Ms. Morales the white nurse who committed the infraction was not even disciplined by Defendant. Yet, Plaintiff was terminated for not waiting to receive the result of a drug test that Defendant told Plaintiff was not required.

**IV            STATEMENT OF CLAIM**

**COUNT ONE- TITLE VII VIOLATION -RACE DISCRIMINATION**

29. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-eight (28) above as if same were fully set forth at length herein.

30. The acts and conduct of Defendant as stated above where Plaintiff was treated differently on the basis of her race as to the terms, conditions, privileges and benefits of her employment with Defendant, was a violation of the Civil Rights Act, Title VII.

31. As a direct and proximate result of the said discriminatory practices of Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

**COUNT TWO- SECTION 1981 VIOLATION -RACE DISCRIMINATION**

32. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-one (31) above as if same were fully set forth at length herein.

33. The acts and conduct of Defendant as stated above where Plaintiff was treated differently on the basis of her race as to the terms, conditions, privileges and benefits of her employment with Defendant, was a violation of the Civil Rights Act, Section 1981.

34. As a direct and proximate result of the said discriminatory practices of Defendant in violation of Section 1981 of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT THREE- ADEA VIOLATION -AGE DISCRIMINATION

35. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-four (34) above as if same were fully set forth at length herein.

36. The acts and conduct of Defendant as stated above where Plaintiff was treated differently on the basis of her age as to the terms, conditions, privileges and benefits of her employment with Defendant, was a violation of the Age Discrimination in Employment Act.

37. As a direct and proximate result of the said discriminatory practices of Defendant in violation of ADEA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT FOUR- PHRA VIOLATION -RACE AND AGE DISCRIMINATION

38. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-seven (37) above as if same were fully set forth at length herein.

39. The acts and conduct of Defendant as stated above where Plaintiff was treated differently on the basis of her race and age as to the terms, conditions, privileges and benefits of her employment with Defendant, was a violation of the PHRA.

40. As a direct and proximate result of the said discriminatory practices of Defendant in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, and front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant and request that this Honorable Court:

A. Enter judgment against Defendant for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other equitable relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

_____
Olugbenga O. Abiona, Esquire
Attorney ID # 57026
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 833-8227
Attorney for Plaintiff

Dated: September 19, 2025

7



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/25/2025

**To:** Ms. MICHELLE BRIDDELL
504 DORAL DRIVE
Blackwood, NJ 08012

Charge No: 530-2025-03504

EEOC Representative and #:   Legal Unit

(267) 589-9707

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-03504

On behalf of the Commission,

Digitally Signed By: Karen McDonough
08/25/2025

Karen McDonough
Deputy Director

**Cc:**
Incident Location
THOMAS JEFFERSON UNIVERSITY HOSPITAL, INC.
1101 MARKET STREET
Philadelphia, PA 19107

NA NA
1101 MARKET ST STE 2300
PHILADELPHIA, PA 19107

Kristen DiMaria
Thomas Jefferson University & Jefferson Health
Enterprise Office of Legal Affairs 1101 Market Street, Suite 2400
Philadelphia, PA 19107

Olugbenga O Abiona Esq.
ABIONA LAW PLLC
121 South Broad Steet Suite 1200
Philadelphia, PA 19107


Please retain this Notice for your records.